NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

NELSON ANTONIO PLEITEZ-
BERMUDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-72815

Agency No. A209-792-380

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 18, 2022
San Francisco, California

Before:  W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Nelson Antonio Pleitez-Bermudez, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals ("BIA") order denying his appeal from an Immigration Judge's ("IJ") decision rejecting his applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

review the agency's factual findings for substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992); *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review in part, grant in part, and remand to the BIA.

1. Substantial evidence supports the BIA's determination that Pleitez-Bermudez did not establish that the harm he suffered in El Salvador constitutes past persecution for purposes of asylum and withholding of removal. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (explaining that the record in an analogous case did not compel a conclusion that the petitioner suffered past persecution because the death threats at issue were not "repeated, specific, and 'combined with confrontation or other mistreatment'" (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000))). Pleitez-Bermudez's efforts to distinguish *Duran-Rodriguez* are unsuccessful, and the record does not support his claims that the BIA ignored arguments or otherwise erred in analyzing the past persecution question. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (noting that the BIA is presumed to have reviewed the record). We deny the petition for review as to the issue of past persecution. *See Duran-Rodriguez*, 918 F.3d at 1028.

2. In concluding that Pleitez-Bermudez did not establish a well-founded fear of future persecution, the BIA dispositively relied on its view that Pleitez-Bermudez's BIA brief forfeited any challenge to the IJ's finding that the Salvadoran government had not been shown to be unwilling or unable to control a specific gang. Although

Pleitez-Bermudez's BIA brief did not have a separate section devoted to that point, it recited the applicable legal standard on the issue, pointed to evidence in the record showing that the police could not control the gang, and argued that such evidence established the "apparent inability of the police or a police officer to protect" Pleitez-Bermudez in El Salvador. This issue was not forfeited, and the BIA erred in bypassing Pleitez-Bermudez's arguments regarding whether he has a well-founded fear of future persecution. We grant the petition for review as to the issue of a well-founded fear of future persecution and remand for the BIA to address the relevant arguments in the first instance and consider whether the IJ properly denied asylum and withholding of removal.

3.      Pleitez-Bermudez did not challenge the agency's denial of CAT relief in his Opening Brief, so this issue is forfeited on appeal. *See Etemadi v. Garland*, 12 F.4th 1013, 1026 (9th Cir. 2021) (explaining that "forfeiture is the failure to make a timely assertion of a right, whereas waiver is the intentional relinquishment or abandonment of a right" (internal citation omitted)).

4.      As to voluntary departure, the BIA did not have the benefit of *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1185 (9th Cir. 2021), which held that a deficient notice to appear cannot trigger the stop-time rule. At oral argument, the government conceded that we should remand for the BIA to reevaluate voluntary departure in light of this intervening case. For these reasons, we grant the petition for review of Pleitez-

Bermudez's request for voluntary departure and remand to the BIA for reassessment. *See INS v. Ventura*, 537 U.S. 12, 16 (2002).

**PETITION DENIED in part as to the issue of past persecution and the CAT claim. PETITION GRANTED in part as to whether Pleitez-Bermudez can gain asylum or withholding of removal because he has a well-founded fear of future persecution and voluntary departure; these issues are REMANDED to the BIA for reconsideration. The parties shall bear their own costs on appeal.**